UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HENRY D. HULL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:11-cv-310 |
| | ) |
| CHIEF DAVID GILBERT, et al., | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

Defendants filed a Motion to Stay Proceedings in this Fourth Amendment case brought by *pro se* Plaintiff under 42 U.S.C. § 1983. (Docket # 23.) Plaintiff filed a timely response objecting to the requested stay, and Defendants have now replied. (Docket # 27, 28.)

In essence, Defendants wish to have this case stayed because Hull's state court criminal case and an asset forfeiture proceeding are still pending. They explain that since Plaintiff contends here (and presumably in the state court as well) that his arrest stemmed from an illegal search and seizure, they will be able to advance a defense to his Fourth Amendment claims under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), if he is convicted. *Heck* held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis and alteration in original) (quoting *Heck*, 512 U.S. at 486-87). Consequently, if Plaintiff had already been convicted, and if his claims would imply the invalidity of his criminal conviction, those claims would be *Heck*-barred.

In their motion, Defendants seem to assume that Plaintiff's Fourth Amendment claims would necessarily imply the invalidity of his criminal conviction.  Yet, "[t]he Seventh Circuit has repeatedly held that most Fourth Amendment claims can go forward despite the ruling in *Heck*." *Sanders v. Cruz*, No. 08 C 3318, 2010 WL 3004636, at *4 (N.D. Ill. July 29, 2010) (citing *Wallace v. City of Chicago*, 440 F.3d 421, 426 (7th Cir. 2006)); *see Easterling v. Moeller*, 334 F. App'x 22, 24 (7th Cir. 2009) (collecting cases).  "Further, because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment." *Sanders*, 2010 WL 3004636, at *4 (citing *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995)); *see Easterling*, 334 F. App'x at 23 (collecting cases).  In that regard, "because of doctrines like independent source, inevitable discovery, and harmless error, a successful § 1983 action challenging the legality of a search 'would not *necessarily* imply the plaintiff's conviction was unlawful.'" *Simpson*, 73 F.3d at 136 (emphasis in original) (citing *Heck*, 512 U.S. at 487 n.7); *see Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 897 (7th Cir. 2001) ("One can have a successful wrongful arrest claim and still have a perfectly valid conviction." (quoting *Booker v. Ward*, 94 F.3d 1052, 2056 (7th Cir. 1996))).

Therefore, Plaintiff's "claims relating to an illegal search and an improper arrest are not barred by *Heck* because neither claim, if successful, would *necessarily* undermine the validity of [a] conviction" for possessing marijuana or operating a motor vehicle with a suspended license. *Id.* at 136; (*see* Am. Compl. 2-3).  Therefore, Defendants' Motion to Stay Proceedings (Docket # 23) is DENIED.

It is further ORDERED that this case is set for an initial telephone scheduling conference

on April 27, 2012, at 9:00 a.m.

    SO ORDERED.

    Entered this 19th day of March, 2012.

    /S/ Roger B. Cosbey
    Roger B. Cosbey,
    United States Magistrate Judge